(133 So. 734)

### STATE v. MICHIE et al.

8 Div. 269.

Supreme Court of Alabama.

March 19, 1931.

Rehearing Denied April 23, 1931.

Charlie C. McCall, Atty. Gen., and John C. Forney, Sp. Asst. Atty. Gen., for the State.

Eyster & Eyster, of Decatur, for appellees.

**BOULDIN, J.**

The bill seeks the cancellation of a patent to sixteenth section lands issued by the secretary of state in the name of the state pursuant to Code, § 6070.

The original bill seems to proceed on the theory that by a local act of 1826, amended in 1828 and 1832, incorporating "School Commissioners" for this particular township (Township 4, range 8, in Lawrence county), the legal title to this property passed out of the state, and the sole power to convey passed to and is still held by such "School Commissioners."

The amended bill, however, abandons this contention, treats the patent in question as sufficient to defeat an action of ejectment against the defendants, admittedly in the adverse possession of the property, and limits the prayer to cancellation in part.

■ The sufficiency of the averments of fraud or mistake in the bill as amended presents the only matter for review on this appeal from a decree sustaining demurrer thereto.

The Act of 1915, p. 718, § 1, now Code, § 6070, sought to clear up confusion in the public records touching the existing status of sixteenth section school lands, and remove clouds on the title of citizens who had acquired unincumbered legal titles under the laws of Alabama.

Proof of adverse possession under color of title for twenty years prior to May, 1908, to be approved and certified by the Attorney General, with certificate of the auditor and state superintendent of education that the state holds no note or obligation for unpaid purchase money, constitute the evidence on which patents are to issue.

The complaint seems to be that the Attorney General made a mistake or was misled as to required proof of adverse possession. The averments in this regard are quite general.

The lands included in the patent, which is not made an exhibit, are described in the bill thus: "N. ½ of N. W. ¼, N. W. ¼ of N. E. ¼, the north ⅔ of S. W. ¼ of N. E. ¼, and north ⅔ of S. ½ of N. W. ¼."

It is charged in the amended bill that defendants had no color of title to the north 69 acres of S. ½ of N. W. ¼, and seeks cancellation because it was included in the patent. Only two-thirds of that 80, or 53⅓ acres, are shown to be included in the patent.

It is shown in the original bill that a deed was executed by the school commissioners to one George W. Foster, and put on record in 1833. It is averred in most general terms that this deed did not include said 69 acres; that the abstract furnished the Attorney General showed an incorrect copy of this deed; that it did not include such 69 acres, etc.

Neither the deed nor the abstract thereof is set out, nor are any of the subsequent conveyances which the Attorney General was called upon to consider in passing upon the question of color of title.

Complainants rely upon their own conclusion as to the legal effect of documents considered by the Attorney General, and their conclusion as to the legal effect of any variance between the description in the deed and in the abstract. The bill is defective in failing to set out more specifically the matter complained of as a fraud in making the abstract.

■■ But the more vital defect in the bill is want of sufficient averments touching the fact of adverse possession. If respondents in fact have a perfect legal title by adverse possession, neither the state nor school trustees has any standing in equity to cast a cloud on such title by cancelling the patent in whole or in part.

For aught that appears these respondents, and those under whom they claim, have been in actual open possession of the entire 200-acre tract under claim of ownership since 1833. The bill admits possession, does not limit its duration, nor deny hostile character. The bill merely avers the hostile character of such possession was not brought home to the school commissioners, the present commissioners, until application was made for patent in 1926, and for that reason was not an effective adverse possession. The bill does not aver that possession originated in a lease or has ever been so held; but, to the contrary, it is at least implied that possession was taken and thereafter held under claim of purchase and ownership.

■■ An actual, open, hostile possession carried notice to the school commissioners, the same as all other persons. Color of title was not essential to the perfection of the legal title in defendants.

The law of adverse possession of sixteenth section lands has been long settled. We need merely cite a few of the cases. Long v. Brown, 4 Ala. 627; Miller v. State, 38 Ala. 600; State v. Schmidt, 180 Ala. 378, 61 So. 293; Alabama v. Schmidt, 232 U. S. 168, 34 S. Ct. 301, 58 L. Ed. 555.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.